WILLIAM H. KINNEARY, Plaintiff, v. IRENE E. PARRETT, REGINALD W. PARRETT, EAGLE SAVINGS AND LOAN COMPANY, CLINTON TRADING CORPORATION and SAMUEL J. MITCHELL, as Sheriff of Queens County, Defendants.

(Supreme Court, Queens Special Term, March, 1920.)

Judgments — when motion for, granted — assignments — action to impress a trust or lien upon real property — executions.

In an action to impress a trust or lien upon real property it appeared that after the recovery of a judgment for $3,900 in favor of one of the defendants against two of the other defendants, the plaintiff entered into a written agreement under the provisions of which, as was clearly established, he advanced $3,000 to the judgment debtors, which was applied by one of them in part payment of the purchase price of the premises in question. Thereafter an assignment of the $3,900 judgment was duly filed in the county clerk's office and under an execution issued by the assignee the sheriff advertised the property for sale. Held, that as should judgment be given in favor of the assignee of the judgment it would in effect result in a part of the claim of the judgment creditor being paid by plaintiff, plaintiff's motion for judgment will be granted, on the authority of Haring v. Brooklyn Heights R. Co., 221 N. Y. 694.

ACTION to impress a trust or lien upon real property.

Charles N. Walter (Joseph R. Clevenger, of counsel), for plaintiff.

Matthew Spalletta, for defendant Clinton Trading Corporation.

SQUIERS, J. This is an action brought to impress a trust or lien upon real property. The facts briefly stated are as follows:

On February 16, 1918, the defendant Eagle Savings and Loan Company obtained and docketed a judgment in Queens county for upwards of $3,900 against the defendants Parrett. On June 9, 1919, the plaintiff, being then sixty-eight years of age, entered into a written agreement with the defendants Parrett, which provided as follows:

"WHEREAS the party of the second part has advanced to the parties of the first part herein the sum of Three Thousand ($3000) Dollars, which sum is to be invested in the purchase of certain premises known as No. 96 Havemeyer Street, Corona, Borough of Queens, New York, and in consideration of the said party of the second part advancing the said sum of Three Thousand ($3,000) Dollars to the parties of the first part for the purchase of the said premises, said parties of the first part agree, for themselves and their respective heirs, that they will properly support, maintain, house and harbor the party of the second part herein for the term of his natural life and without any additional cost to him.

"*It is understood and agreed* between the parties hereto that the said amount of Three Thousand ($3,000) dollars, which has been so advanced by the party of the second part shall become the absolute

property of the parties of the first part herein upon the death of the party of the second part.

" *It is further understood and agreed* between the parties hereto that the party of the second part shall have a claim or lien upon the said premises hereinbefore mentioned to the extent of the said sum of Three Thousand ($3,000) Dollars which he has advanced until the time of his death, at which time the proceeds of the said Three Thousand ($3,000) Dollars shall be the absolute property of the parties of the first part herein."

Thereafter and on the 10th day of July, 1919, the defendant Irene E. Parrett purchased the property No. 96 Havemeyer street, Corona, borough of Queens, applying the sum of $3,000 received from the plaintiff under the aforesaid agreement in payment of part of the purchase price. The said agreement between the plaintiff and the defendants Parrett was not recorded. On the 12th day of August, 1919, the defendant Eagle Savings and Loan Company assigned the judgment against the defendants Parrett to the defendant Clinton Trading Corporation, which assignment was filed in the clerk's office of Queens county. On October 8, 1919, the defendant Clinton Trading Corporation, as assignee, caused an execution to be issued to the sheriff of Queens county, and the sheriff proceeded under said execution to advertise the premises in question for sale. On the 12th day of December, 1919, this action was commenced by the plaintiff to impress a lien upon the said premises asserting that the said lien was prior to the lien of the judgment held by the defendant Clinton Trading Corporation, as assignee.

The evidence clearly establishes that the $3,000, advanced by the plaintiff to the defendants Parrett under the provisions of his agreement with them, was

applied by the defendant Irene E. Parrett as part payment of the purchase price of the premises in question. Should judgment be given in favor of the defendant Clinton Trading Corporation it would in effect result in a part of the claim of the judgment creditor being paid by the plaintiff.

The motion of the plaintiff for judgment is granted. This conclusion is justified on the authority of *Haring* v. *Brooklyn Heights R. Co.*, 221 N. Y. 694. In that case the plaintiff gave to her husband certain money to pay a part of the purchase price of the property in question. The husband prepared the contract of sale in his own name and took a deed to the property in his own name. On the day of closing the title the wife delivered the balance of the purchase price and at the same time objected to the property being deeded to her husband as she had furnished the money for the purchase of the property, whereupon her husband executed a deed to her. The deed to the husband and the deed from the husband to the wife were recorded simultaneously. On the day of the conveyance the defendant held a judgment against the plaintiff's husband. It was contended by the railroad company that this judgment became a lien upon the premises in question the instant the deed was made out in the name of the husband. The court at the first instance gave judgment for the plaintiff, which judgment was unanimously affirmed by the Appellate Division of the second department without opinion, and was subsequently affirmed by the Court of Appeals without opinion.

Ordered accordingly.